[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Martin Klayman appeals from the judgment of the Hamilton County Municipal Court adopting a magistrate's decision and awarding Klayman $5 in his action against defendant-appellee Russell Gibson for breach of a rental agreement and for passing a bad check.
 {¶ 3} The facts as set forth in the magistrate's decision reveal that Gibson filled out an application to rent an apartment owned by Klayman in October 2002. Gibson was to move into the apartment in November 2002. At the time Gibson submitted the application, he gave Klayman a check in the amount of $1590 for the first months' rent and the security deposit. Gibson never signed a lease, never received keys, and never took possession of the apartment.
 {¶ 4} On October 24, 2002, Klayman attempted to cash Gibson's check, but it was returned for insufficient funds. Klayman was charged $5 by his bank for the bad check. When Klayman contacted Gibson about the check, Gibson told him that he no longer wanted to rent the apartment. Klayman subsequently filed suit in small claims court seeking damages for breach of the rental agreement and for passing the bad check. In a written decision, a magistrate found that because Gibson had never entered into a lease and had never taken possession of the rental property, a landlord/tenant relationship had never come into existence. Consequently, Gibson was entitled to cancel the transaction and to have his security deposit returned. The magistrate did, however, award Klayman $5 to cover the bank fee for the bad check.
 {¶ 5} Klayman filed timely objections to the magistrate's report. The trial court subsequently adopted the magistrate's report and entered judgment for Klayman in the amount of $5. The trial court, however, never ruled on any of Klayman's objections. Klayman now appeals the trial court's judgment. He raises three assignments of error for our review.
 {¶ 6} In his first assignment of error, Klayman argues the trial court erred in not ruling on his objections to the magistrate's decision. We agree.
 {¶ 7} Civ.R. 53(E)(4)(b) provides in relevant part that "[t]he court shall rule on any objections." While we have not specifically addressed this issue, other appellate districts have uniformly held that Civ.R 53(E)(4)(b) requires a trial court not just to consider, but to rule upon any objections to a magistrate's decision. The Eighth Appellate District has held that the "rule imposes a mandatory duty on the court to dispose of a party's objections to a magistrate's report."[1] The Tenth Appellate District has similarly stated that the language of Civ.R. 53(E)(4)(b) is mandatory and that "[a] trial court must rule on any objections * * *."[2] Likewise, the Fifth Appellate District has ruled that "* * * because of the mandatory language used in Civ.R. 53(E)(4) and * * * the chronology of the rule's requirements, a trial court is required to specifically rule on objections to a magistrate's decision before adopting [it] * * *."[3]
 {¶ 8} We agree with those courts that have held that a trial court may not just consider a party's objections to a magistrate's decision under Civ.R.53(E)(4)(b), but must explicitly rule upon them. In this case, even though the magistrate's decision, which the trial court adopted, is well reasoned, we must sustain the first assignment of error because the trial court did not address Klayman's objections in its entry adopting the magistrate's decision. Our disposition of Klayman's first assignment of error has rendered moot his second and third assignments of error, in which he argues that the trial court erred in adopting the magistrate's decision because (1) it mischaracterized the holding deposit as a security deposit, and (2) it failed to recognize the agreement as an oral lease. As a result, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this judgment entry and the law.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] Kolman v. Building Works Co., Inc., 8th Dist No. 80552, 2002-Ohio-3790, at ¶ 12.
[2] In the Matter of the Guardianship of Gilfillen, 10th Dist. No. 02AP-1239, 2003-Ohio-3011, at ¶¶ 15-17.
[3] O'Brien v. O'Brien, 5th Dist. No. 02CA-F-08-038, 2003-Ohio-2893, at ¶ 27.